UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

LUIS A. MORALES,

        Petitioner,

        v.                                        Case No. 25-C-858
                                                            Criminal Case No. 21-CR-2

UNITED STATES OF AMERICA,

        Respondent.

---

## SCREENING ORDER

---

      Luis A. Morales filed a Motion for Resentencing, pursuant to 28 U.S.C. § 2255. Morales asserts that he should be resentenced because his criminal history score overstates his actual criminal history and that his trial counsel provided ineffective assistance when she failed to properly discuss the details of his conviction in Los Angeles County, California from 1997.

      Pursuant to Rule 4 of the Rules Governing § 2255 Proceedings, I must give the case prompt initial examination:

> If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States Attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

Rule 4(b), Rules Governing § 2255 Proceedings.

      On November 9, 2021, Morales pled guilty to one count of conspiracy to distribute five kilograms or more of cocaine in violation of 21 U.S.C. §§ 841(b)(1)(A), 841(b)(1)(B), and 846. According to the Presentence Investigation Report, law enforcement officers in the Fox Valley area had been receiving tips since at least 2009 that Morales, the owner of the Kimberly restaurant

Mr. Taco, was a high-end cocaine dealer who was importing large quantities of cocaine from a source in Chicago. The tips eventually led to an investigation that included wiretaps on Morales' cell phones and culminated in his arrest when law enforcement officers located two kilograms of cocaine in his vehicle during a traffic stop. Subsequent search warrants revealed the following: approximately a ½ kilogram of cocaine in Morales' residence; three handguns; over $150,000.00 cash; and approximately 11 kilograms of cocaine and $80,000.00 cash at Morales' source of supply's location in Chicago, Illinois. The investigation also revealed that Morales had direct ties to the notorious Jalisco New Generation Cartel (CJNG), which operates out of Guadalajara, Mexico. Crim. Dkt. No. 151, ¶¶ 10–16.

The sentencing hearing took place before this court on March 31, 2022. Based on a conservative estimate that during the course of the conspiracy, Morales had been responsible for the distribution of between five and 15 kilograms of cocaine, the base level for his offense was set at 30. *Id.* ¶ 48. He received a four-level increase as an organizer or leader of the criminal activity for an adjusted offense level of 34. *Id.* ¶ 51. Morales' criminal history score was calculated to be in category V, resulting in a sentencing guideline range, after reduction for acceptance of responsibility, of 168 to 210 months.

Although the parties agreed that the criminal history score was correct under the law, they presented argument concerning whether the score was understated or overstated. As part of his sentencing argument, the Assistant United States Attorney noted that Morales had a violent record that included a 1997 conviction in Los Angeles County, California for voluntary manslaughter. The Presentence Investigation Report contained the following information about the 1997 conviction:

> The defendant was represented by a public defender. Records detailing this offense were not provided. Mr. Morales was originally charged with First Degree Murder,

2

but that count was dismissed prior to sentencing. Also, three counts of . . . Possession of Controlled Substance were dismissed prior to sentencing. According to the statement provided by the defendant, he was present when an individual was shot, and he was prosecuted when he refused to identify the shooter.

*Id.* ¶ 61. Morales was arrested in relation to the charges on September 5, 1997, when he was 17 years old. *Id.* On March 10, 1998, Morales was sentenced to seven years of incarceration. *Id.*

During her argument, defense counsel touched on Morales' history as a young man growing up in Los Angeles. She stated that Morales "grew up in exactly the part of Los Angeles where you would want someone to be born if they were going to be in a gang and engage in illegal activity." Crim. Dkt. No. 210 at 20. With respect to the 1997 conviction, she explained:

> [H]e was a 14-year-old kid who was in a gang because the question in his neighborhood wasn't were you going to be in one but just which one, and that was largely dictated by what street you lived on. That is how it worked.
>
> And he was in one, and he was present when someone was killed, and he did not provide the information then with regard to who did that and went to prison, got out and overdosed. That is the basis for six of his criminal history points, and that dates back from convictions where he was considerably older than 14, but he was pretty much in custody from 14 on.

*Id.*

In arriving at a sentence, the court began by stating the guideline range, which was calculated at 168 months to 210 months. *Id.* at 27. The court noted that conspiracy to distribute and possess with intent to distribute cocaine is a "very serious" offense and that the crime is very aggravated here because of the massive amounts of cocaine involved. *Id.* at 29–30. It explained that another aggravating factor was that Morales did not need to engage in this behavior because he was a successful businessman. *Id.* at 31–34. The court noted that protection of the public played a big role in the sentence imposed. The court discussed other factors, including deterrence and Morales' history. As for the 1997 conviction, the court acknowledged that Morales was 17 at

3

the time of his arrest. Nevertheless, responding to counsel's sentencing argument, the court commented:

> I have trouble, you were first charged with first degree murder in that case, not manslaughter. It doesn't look to me like you were an innocent bystander. You don't get convicted of a manslaughter charge for just being present. You had some sort of role in it, a significant role if you were charged as a juvenile and given a seven-year sentence. So, I think there's a history of violence here.

*Id.* at 34. The court also noted a history of domestic violence. *Id.* at 35. The court concluded that this was the kind of case that warrants a significant sentence and imposed a term of 168 months (14 years), which was the low end of the guideline range, to be followed by ten years of supervised release. Judgment was entered on April 5, 2022.

Morales timely filed a Notice of Appeal on April 7, 2022, but voluntarily moved to dismiss his appeal on May 15, 2023. The Court of Appeals issued its order dismissing his appeal and mandate on June 12, 2023. Morales filed a "Motion for Resentencing" under 28 U.S.C. § 2255 exactly two years later on June 12, 2025. Crim. Dkt. No. 216.

**A. Morales' motion is barred by the statute of limitations**

As an initial matter, Morales' motion is barred by the statute of limitations. Motions brought under § 2255 are subject to a one-year statute of limitations period. 28 U.S.C. § 2255(f). The statute of limitations period begins to run on the latest of several stated dates, the first being "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1). The limitations period may also start one year from three limited, alternative circumstances: the date on which an impediment to making a motion is removed, the date on which a newly recognized right made retroactively applicable by the Supreme Court has been announced, or the date on which supporting facts could have been discovered through the exercise of reasonable diligence. 28 U.S.C. §§ 2255(f)(2)–(4).

In this case, the judgment of conviction was entered on April 5, 2022. Although Morales filed a Notice of Appeal on April 7, 2022, he subsequently moved to voluntarily dismiss the appeal pursuant to Federal Rule of Appellate Procedure 42(b). The appeal was dismissed on June 12, 2023. As a result, the judgment and conviction became final 90 days thereafter on September 10, 2023, when the time to seek further review by filing a petition for certiorari in the United States Supreme Court expired. *Anderson v. Litscher*, 281 F.3d 672, 675 (7th Cir. 2002). Morales filed the present § 2255 motion nearly two years after the judgment and conviction became final, outside the one-year timeframe.

Morales attempts to circumvent the one-year filing rule by framing his issue in terms of ineffective assistance of counsel and § 2255(f)(4), which provides that motions can be filed within one year of "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255(f)(4). Morales asserts that his current counsel initiated a search to find the relevant records from the California court but encountered a series of difficulties in obtaining them. In particular, the records were archived and stored in a separate off-site facility and the clerk in Los Angeles required a written signature from Morales in order for the search to occur and the records to be located. Morales submits that August 31, 2024, the date the relevant records were obtained, was the date on which the facts supporting his claims were discoverable, making his motion timely under § 2255(f)(4).

To avail himself of the benefit of § 2255(f)(4), however, the relevant "fact" must not have been discoverable through the exercise of due diligence within the one-year limitations period of § 2255(f)(1). *See Clarke v. United States*, 703 F.3d 1098, 1100 (7th Cir. 2013). Morales asserts that he should be resentenced because the information regarding his prior offense sheds "new light" on Morales' role and culpability. But Morales' role and culpability in the 1997 conviction

5

would seem to be information that would have been known to Morales prior to his sentencing. In any event, these are facts that certainly could have been "discovered through the exercise of due diligence" well within a year of his conviction becoming final. Because Morales was aware of the information he now uses as the basis for his § 2255 motion, that information cannot be a "new fact" that restarts the one-year statute of limitations period under § 2255(f)(4). Accordingly, Morales' § 2255 motion is denied as time barred.

**B. Morales has not shown that he was denied the effective assistance of counsel**

Even if the court were to find that Morales' motion is timely under § 2255(f)(4), Morales has failed to show that he was denied the effective assistance of counsel. A claim of ineffective assistance of counsel is governed by well-established law set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). Under *Strickland*, the petitioner must show that (1) counsel's representation was deficient in that it fell below an objective standard of reasonableness and (2) the petitioner was prejudiced by counsel's performance. *Id.* at 687. "These are at best difficult showings to make" as both prongs carry a presumption that weighs against a finding of ineffective assistance. *Lickers v. United States*, 98 F.4th 847, 857 (7th Cir. 2024). "It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particularized act or omission of counsel was unreasonable." *Strickland*, 466 U.S. at 689. For this reason, the Supreme Court has made clear that "judicial scrutiny of counsel's performance must be highly deferential." *Id.* That is, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," and "the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id.* (quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)).

Morales asserts that trial counsel's performance was deficient because she did not provide the court with detailed information about the 1997 conviction. Morales argues that, if the court had been aware of the actual facts behind the 1997 conviction, there is a reasonable probability that his sentence would have been lower. He asserts that counsel did not discuss these topics "to the extent necessary to highlight his actual role in the offense and the events in Mr. Morales' life that led him to wind up in such a position." Dkt. No. 1 at 7.

These allegations concerning Morales' previous attorney do not amount to ineffective assistance of counsel. An attorney representing a defendant in a criminal case is not expected to obtain the discovery concerning a prior offense the defendant committed more than twenty-five years before sentencing, where even the probation officer conducting the presentence investigation is unable to obtain it. Nevertheless, counsel fully addressed the 1997 conviction at the defendant's sentencing and offered as benign an explanation for it as possible under the circumstances, suggesting that he was a 14-year-old kid, forced to join a gang for survival, who was merely present at the shooting and was charged because he refused to serve as a witness for the state out of fear for his own safety.

In truth, counsel's explanation was less damaging to Morales than the actual facts of the case as revealed by the reports submitted in support of the current motion. Those reports reveal that Morales, who was 17 years old at the time, recruited a friend to retrieve Morales' car from the victim. After attempting to do so, his friend returned and told Morales the victim threatened him with 9 mm handgun and kept Morales' car. Morales and his friend then armed themselves and went looking for the victim in the friend's car. They found him sitting in the car "smoking dope," and when Morales pulled the victim out of the car, his friend started shooting him. They then got back into their cars and left the scene. The reports reveal that Morales was more than a bystander,

7

just as the court suggested at the time of sentencing. In any event, the discussion about the 25-year-old conviction covers only one paragraph of the seven pages of the court's sentencing comments.

Based on the foregoing, it follows that not only does the petition fail to allege sufficient facts to support Morales' claim that his attorney's performance was deficient, it is also clear from the court's review of the record that Morales was not prejudiced by his attorney's failure to present the records of the prior conviction at the time of her sentencing argument. The newly-produced records reveal no fact that would have caused the court to alter the sentence it imposed. The court explained at the sentencing hearing that, given the magnitude his crime, the culpability of the defendant and his prior record, the need for substantial punishment, as well as a strong message of deterrence, and the need for protection of the public, a significant sentence was warranted. The court thereupon imposed a sentence of 168 months, which was at the low end of the guideline range.

In sum, the court concludes that Morales' petition is untimely and fails to state a claim upon which relief can be granted. For these reasons, Morales' Motion for Resentencing pursuant to 28 U.S.C. § 2255 (Dkt. No. 1) is **DENIED**. The case is dismissed. A certificate of appealability is denied, as the court concludes that its decision is neither incorrect nor debatable among jurists of reason. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The clerk is directed to enter judgment accordingly.

Morales is advised that the judgment entered by the clerk is final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within 60 days of the entry of judgment. *See* Fed. R. App. P. 3, 4. In the event

Morales decides to appeal, he should also request that the court of appeals issue a certificate of appealability. Fed. R. App. P. 22(b).

    **SO ORDERED** at Green Bay, Wisconsin this 18th day of June, 2025.

                                                                     _____
                                                                       William C. Griesbach
                                                                       United States District Judge